## EVANS et al. v. SHALLCROSS et al.
### No. 5720.

Circuit Court of Appeals, Third Circuit.
Feb. 8, 1935.

Frysinger Evans, of Philadelphia, Pa., and V. Gilpin Robinson, of Media, Pa., for appellants.

Walter Biddle Saul, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this equity case, in the court below it became apparent that the Philadelphia Company for Guaranteeing Mortgages was insolvent, and that the only likelihood, and indeed only probability, of those in interest ultimately realizing from its assets, lay in its reorganization. Accordingly, a plan of reorganization was prepared, notice of such plan was given to all known parties in interest, and due time and opportunity afforded by the court to each and every party in interest who proved his alleged claims, to have his rights passed upon by the court and be heard in favor of, or in opposition to, the proposed plan. The result has been an overwhelming approval of the plan by those interested and an approval by the painstaking and able judge who was administering the case.

There has been a full hearing and a careful study of the plan by this court. In that consideration we have found that the rights of all parties having any interest have been carefully considered by the court below. Coupled with the approval of the plan is the retention of jurisdiction over the assets that pass to the reorganization company, which will enable the court to exercise proper control should new or overlooked conditions or rights develop. As a working plan for salvaging the assets for the benefit of all concerned, we are of opinion the court has adopted a practical, equitable reorganization which is the very best possible. In reaching such conclusion, we have given full consideration to all contentions made by the appellants in their oral and printed arguments. Finding ourselves in accord with the lower court's decree, we limit ourselves to affirming the same. This conclusion on the merits renders it unnecessary to pass on the motion to dismiss.